# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MICHAEL O. LIVINGSTONE,

*Plaintiff-Appellant,*

v.

WALDEN UNIVERSITY, LLC
*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Maryland at Baltimore
No. 1:22-cv-03096-BAH
Hon. Brendan Abell Hurson

## DEFENDANT-APPELLEE WALDEN UNIVERSITY'S
## INFORMAL RESPONSE BRIEF

Christopher Bayh
chris.bayh@btlaw.com
Kristin L. Froehle
kristin.froehle@btlaw.com
BARNES & THORNBURG, LLP
1717 Pennsylvania Avenue NW #500
Washington, DC 20006
Phone: (202) 289-1313
Fax:     (202) 289-1330

*Counsel for Appellee,*
*Walden University, LLC*

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE ISSUES...........................................................1

STATEMENT OF THE CASE...............................................................1

    I.  Factual Background ........................................................2

    II.  Procedural Posture ........................................................6

SUMMARY OF ARGUMENT ............................................................7

STANDARD OF REVIEW .................................................................9

ARGUMENT ....................................................................................10

    I.     The district court properly dismissed Counts II to XVI for lack of Article III standing. ............................................................10

        A.     Mr. Livingstone's Complaint pleads no injury-in-fact.......................... 10

           1.    Mr. Livingstone was not injured because he attended Walden as a non-working adult. ..........................................................11

           2.    Walden's denial of discretionary financial aid and any effects are not cognizable injuries. ..................................................12

           3.    Mr. Livingstone suffered no informational injury. .........................15

        B.     Mr. Livingstone fails to plead causation. ...........................................17

        C.     Mr. Livingstone's alleged injuries are not redressable. ......................18

        D.     Mr. Livingstone's other arguments are unavailing. ............................19

           1.    The district court adequately addressed *each* of Mr. Livingstone's alleged injuries. .............................................................19

           2.    Mr. Livingstone's assertion that the district court failed to address his statutory and common law retaliation claims is wrong............20

II.     The district court properly dismissed Mr. Livingstone's Count I for failure to state a claim. ..........................................................................23

III.    The district court properly denied Mr. Livingstone leave to amend his Amended Complaint. ...............................................................24

CONCLUSION ....................................................................................27

STATEMENT REGARDING ORAL ARGUMENT ...........................................28

CERTIFICATE OF COMPLIANCE ........................................................29

CERTIFICATE OF SERVICE ...............................................................30

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beck v. McDonald*,
848 F.3d 262 (4th Cir. 2017) .............................................................12

*Bishop v. Bartlett*,
575 F.3d 419 (4th Cir. 2009) .................................................................9

*Carroll v. Walden Univ., LLC*,
650 F. Supp. 3d 342 355 (D. Md. 2022).............................................23

*Chambliss v. Carefirst, Inc.*,
189 F. Supp. 3d 564 (D. Md. 2016)......................................................16

*Cozzarelli v. Inspire Pharms. Inc.*,
549 F.3d 618 (4th Cir. 2008) ...............................................................25

*Dreher v. Experian Inf. Sols., Inc.*,
856 F.3d 337 (4th Cir. 2017) ...............................................................16

*Eghbali v. Dept. of Energy at Savannah River Nat. Lab*,
90 F. Supp. 3d 587 ........................................................................21, 22

*Evans v. Am. Coll. Enter.*,
62 F. Supp. 3d 593 (D. Md. 2022)........................................................14

*Evans v. Am. Collection Enter.*,
No. CV JKB-22-0746, 2022 WL 3923394 (D. Md. Aug. 31, 2022).................13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000).............................................................................10

*Glaser v. Enzo Biochem, Inc.*,
464 F.3d 474 (4th Cir. 2006) ............................................................9, 24

*Khan v. Children's Nat'l Health Sys.*,
188 F. Supp. 3d 524 (D. Md. 2016)...............................................11, 14

*Lavigne-Soucie v. Blue Max Trucking, Inc.*,
    No. 3:23-CV-00498-FDW-SCR, 2023 WL 8603025 (W.D.N.C.
    2023) ................................................................................................19

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..........................................................................17

*Magruder v. Cap. One, Nat'l Ass'n*,
    540 F. Supp. 3d 1 (D.D.C. 2021) .......................................................12

*McNary v. Fed. Mine Safety & Health Rev. Comm'n*,
    989 F.3d 21 (D.C. Cir. 2021) ............................................................19

*Md. Minority Contractors Ass'n v. Lynch*,
    203 F.3d 821 (4th Cir. 2000) ............................................................12

*Nat'l Fed'n of the Blind v. United States Dep't of Educ.*,
    407 F. Supp. 3d 524 (D. Md. 2019) ..................................................19

*Podroykin v. Am. Armed Forces Mut. Aid Ass'n*,
    634 F. Supp. 3d 265 (E.D. Va. 2022) ................................................14

*Renne v. Geary*,
    501 U.S. 312 (1991) ..........................................................................10

*Richmond Tenants Org., Inc. v. Kemp*,
    956 F.2d 1300 (4th Cir. 1992) ..........................................................18

*Richmond, Fredericksburg & Potomac R. Co. v. United States*,
    945 F.2d 765 (4th Cir. 1991) ............................................................10

*Robbins v. United States Dep't of Hous. & Urb. Dev.*,
    72 F. Supp. 3d 1 (D.D.C. 2014), *aff'd* 2015 WL 3372527 (D.C.
    Cir. May 6, 2015) ..............................................................................18

*Robinson v. Am. Honda Motor Co.*,
    551 F.3d 218 (4th Cir. 2009) ..............................................................9

*S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at
    Broadlands, LLC*,
    713 F.3d 175 (4th Cir. 2013) ............................................................25

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016).............................................................9, 10, 13, 15

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)..............................................................................16

*Wanniarachchi v. Barr*,
    776 F. App'x 167 (4th Cir. 2019)........................................................23

*U.S. ex rel Wilson v. Kellogg Brown & Rott, Inc.*,
    525 F.3d 370 (4th Cir. 2008) ...............................................................26

**Statutes**

20 U.S.C.A. § 1087ll.....................................................................................4

20 U.S.C. § 1070...........................................................................................3

20 U.S.C. § 1087tt.......................................................................................13

28 U.S.C. § 1291...........................................................................................1

28 U.S.C. § 1331...........................................................................................1

42 U.S.C. § 2000d.....................................................................9, 22, 23, 24

**Regulations**

34 C.F.R. § 668 .......................................................................................3, 19

34 C.F.R. §§ 685 ...........................................................................................3

**Rules**

4th Cir. R. 34(b) .........................................................................................23

Fed. R. App. P. 32(a)(5).............................................................................29

Federal Rule of Appellate Procedure 32...................................................29

Federal Rule of Civil Procedure 12(b)..........................................1, 8, 15

Federal Rule of Civil Procedure 15(a).....................................................24

District of Maryland Local Rule 103.6.....................................................25

# JURISDICTIONAL STATEMENT

Plaintiff-Appellant Michael O. Livingstone filed an Amended Complaint against Defendant-Appellee Walden University, alleging sixteen counts ranging from common law negligence to violations of federal and state consumer protection and civil rights statutes. The United States District Court for the District of Maryland had federal question and supplemental jurisdiction over the case under 28 U.S.C. § 1331 and § 1367. Defendant-Appellee Walden University filed a motion to dismiss; the district court granted the motion in full and dismissed Mr. Livingstone's Amended Complaint without prejudice.

Mr. Livingstone filed a timely Notice of Appeal on January 19, 2024. This Court has jurisdiction over that appeal pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

1. Did the district court properly dismiss Mr. Livingstone's Counts II through XVI for lack of standing under Federal Rule of Civil Procedure 12(b)(1)?

2. Did the district court properly deny Mr. Livingstone leave to amend his second Amended Complaint?

# STATEMENT OF THE CASE

This suit arises from Plaintiff-Appellant Michael Livingstone's belief that he should have been issued an extra $3,000 in federal student loans. Specifically, he alleges that Defendant-Appellee Walden University ("Walden") broke many state

and federal laws by exercising its discretion to authorize a $3,000 increase to his "Cost of Attendance" (cost of living) student loans, instead of the $6,000 increase that Mr. Livingstone demanded. To vindicate this perceived wrong, Mr. Livingstone filed a 438-paragraph, 16-count Complaint, seeking $40 million in damages and significant injunctive relief. To avoid litigating over such a small claim, Walden offered Mr. Livingstone an additional $5,000 tuition credit in an attempt to resolve the dispute. Mr. Livingstone rejected that offer and pressed forward with his lawsuit. Walden later learned that it was just the latest victim of Mr. Livingstone's serial litigation tactics—he has brought at least 25 separate lawsuits or appeals against many different entities—including at least eight lawsuits against universities, none of which survived the pleadings stage.

Walden moved to dismiss Mr. Livingstone's claims, arguing that Mr. Livingstone lacked standing to bring them, and that none of his 16 counts stated a claim upon which relief could be granted. The district court granted the motion. It found that Mr. Livingstone lacked standing as to 15 of his 16 claims, Counts II through XVI, and that he failed to state a claim as to the remaining count, Count I. Mr. Livingstone now appeals the district court's dismissal.

## I.    Factual Background

Walden is an online, accredited university, with a curriculum focused on education for working adults. Its offerings include master's programs such as the

Master's of Science in Leadership program at issue here. ECF 20, Am. Compl. ¶¶ 1, 2, 9, 13–17.[1] Mr. Livingstone enrolled at Walden in January 2022, to pursue his master's degree. *Id.* ¶¶ 2, 9. He enrolled in one class for the second Spring 2022 semester, from approximately March 7 through May 1, 2022. *Id.* ¶ 47.

During his enrollment at Walden, Mr. Livingstone used "Grad PLUS" federal student loans to pay for his Cost of Attendance ("COA"), which is intended to cover costs beyond tuition, such as room and board. *Id.* ¶ 24, 40. A "Grad PLUS" loan is the common college loan available through the U.S. Department of Education's "Direct Loan Program." *See* 34 C.F.R. §§ 685.101, 685.203. Federal student lending is rigorously regulated—by the statutory language of Title IV of the Higher Education Act, *see* 20 U.S.C. § 1070, and by relevant regulations promulgated in 34 C.F.R. Parts 668 to 685. The relevant oversight agency is an arm of the Department of Education called "Federal Student Aid," or "FSA."[2]

Although FSA has an important oversight role, it does not process the millions of U.S. student loan applications made each year. Instead, each university's financial aid office has the responsibility to process these loans, and in doing so must follow

---

[1] Pursuant to the Fourth Circuit's rules for informal briefing, Walden has not included a joint appendix in its informal response brief. All ECF citations are to the district court's record, located at *Livingstone v. Walden University*, Case. No. 1:22-cv-03096-BAH (D. Md. 2022).

[2] FSA's website summarizes the direct lending process: https://studentaid.gov/understand-aid/types/loans/plus/grad.

FSA regulations. *See* 34 C.F.R. § 668.14. This includes FSA regulations on lending limits. *See, e.g.*, 34 C.F.R. §§ 668.19, 685.203.

One factor in determining lending eligibility and limits is the student's COA figure, as determined by statutory formula. *See* 20 U.S.C.A. § 1087ll; FSA Handbook Vol. 3 Ch. 2 (AY 2022–23). When a student incurs a COA change, such as a rise in room and board expenses, the student may apply for an aid increase at the school's financial aid office.

Mr. Livingstone says that he found himself in this situation in the spring of 2022, and that he asked Walden's financial aid office for a loan increase. Mr. Livingstone contends that Walden's financial aid office (1) did not act on his request promptly enough, (2) arranged for the requested increase in loan funds, but not for as much money as he wanted, and (3) did not sufficiently direct him to other, non-federal, "philanthropic" financial resources. ECF 20 at 16–31, ¶¶ 49-101.

Mr. Livingstone's conduct became increasingly insistent, drastic, and threatening. This included demands to speak with certain leadership personnel, direct emails to Walden's president, provost, and ombudsman, and complaints sent to "U.S. Secretary of Education (Mr. Miguel Cardona) and his Office of Hearings and Appeals." *See id*. However, Mr. Livingstone's increasingly strident allegations and demands did not address issues Walden repeatedly explained to him: (1) Walden could not circumvent federal student lending regulations to process loans without

proper documentation; (2) Walden could not process double-dip loans for the same period during which Mr. Livingstone was enrolled at another university; and (3) Mr. Livingstone made the decision to stay enrolled in classes beyond the drop date and without undertaking the standard loan-request process. *Id.* ¶¶ 68–70, 85, 93.

And, Walden did process aid increases, once Mr. Livingstone submitted the documentation necessary to establish his COA. *Id.* ¶¶ 82, 84, 100. Still, Mr. Livingstone pressed on, and increased his demands further. *Id.* In the end, the only disputed amount is between the $6,000 increase that Mr. Livingstone wanted, and the $3,000 increase that Walden approved. *See id.*; ECF 20-3 ("This [dispute] stems from the Spring 2022 COA increase you declined remaining $3000 [*sic*].").

In an effort to mollify Mr. Livingstone, Walden offered to grant him a $2,925 tuition refund for the Spring 2022 semester—*i.e.*, not a loan, but cash tuition credit from Walden's own financials, and one that would almost entirely bridge the $3,000 gap that Mr. Livingstone asserted. *Id.* ¶ 100. Unsatisfied, Mr. Livingstone persisted with harassing communications, and immediately alleged discrimination. *Id.* ¶¶ 78, 364–67. Walden responded by advising him of his ability to file a formal grievance on the matter with the relevant university personnel. *Id.* ¶ 364. Mr. Livingstone responded, "I will not file racial discrimination claims through the Walden University Officer you mentioned. It will go straight to Federal Court[.]" *Id.* ¶ 365.

On December 2, 2022, Mr. Livingstone informed Walden that this lawsuit had been filed. *Id.* ¶ 366; ECF 20-2. He emailed again on December 5 to demand $5,000 from Walden. ECF 20-3. Walden responded the next day, hoping to resolve the dispute. Walden offered Mr. Livingstone a $5,000 tuition refund—again, not a loan, but a cash refund payment of tuition, from Walden's own financials. ECF 20 ¶ 369; ECF 20-4. This, plus the prior tuition credit, would have provided him more money, in cash value, than the loan-increase demand he had made in the first place. ECF 20 ¶ 100; ECF 20-4. In exchange, Walden of course asked that Mr. Livingstone execute a standard release. *Id.;* ECF 20 ¶¶ 369–73, 375. Mr. Livingstone refused. *Id.*

## II.     Procedural Posture

Mr. Livingstone filed his initial complaint on November 30, 2022. ECF 1. He then filed an amended complaint 12 days later on December 12, ECF 9, and then four days later sought leave of court to amend again, ECF 14. The Court granted the motion, and this third iteration of the complaint (the "Complaint") was docketed on December 22, 2022. ECF 19, 20.

Walden filed a motion to dismiss the Complaint for lack of jurisdiction and failure to state a claim. ECF 43. Ultimately, in one of his several briefs opposing that motion, Mr. Livingstone asked for leave to amend his Complaint a third time (and file a fourth version); but he did not file a motion for leave to do so, he did not submit

a proposed amended complaint, and he did not explain how his Complaint would be amended. *See* ECF 62 at 2; ECF 64 at 38.

The district court granted Walden's motion to dismiss. It held that Mr. Livingstone lacked standing to bring 15 of his 16 claims, and that he failed to state a claim for the one remaining claim. ECF 78, Memorandum Opinion, at 16-18. The district court also denied Mr. Livingstone's request to amend his Amended Complaint for a third time, stating that he had failed to follow the appropriate local rules for doing so, and that any amendment would be substantively futile anyway. ECF 78 at 10-11. Mr. Livingstone appealed the district court's decision.

## SUMMARY OF ARGUMENT

At bottom, this case centers on Walden's denial of a $3,000 increase in financial aid requested by Mr. Livingstone. Mr. Livingstone has attempted to turn that denial into a $40 million, 438-paragraph, 16-count lawsuit. Walden asks this Court to affirm the district court's dismissal of the suit. The district court dismissed one of the sixteen claims for failure to state a claim, and Mr. Livingstone does not appeal that decision. For the other 15 claims, the district court correctly found that Mr. Livingstone lacks Article III standing to bring them. Indeed, he fails to carry his burden to show *any* of the three requisites of Article III standing—injury in fact, causation, and redressability.

As to injury, Mr. Livingstone had no legally protected interest in the discretionary increase in a financial aid loan—much less in the exact amount he demands. Nor has he articulated a particularized and concrete injury related to any of Walden's other alleged conduct, including Walden's admitting him despite his being a "non-working student" (there is no injury for "wrongful admission," and he earned his degree with high marks), alleged delays in responding to his financial aid requests (for which he pleads only emotional harm, which is not recoverable under the law), and more emotional and reputational harm from eviction proceedings (which were already underway when he requested an increase in financial aid and did not result in eviction).

As for causation, Mr. Livingstone cannot show that any of his alleged injuries were traceable to *Walden's* conduct.

And on redressability, Mr. Livingstone fails as well, because he is no longer a Walden student and thus Walden is barred by federal law from processing additional financial aid for him.

Without Article III standing, the Court lacks subject-matter jurisdiction over Mr. Livingstone's suit. The district court therefore properly dismissed his claims without prejudice under Rule 12(b)(1). And even if Mr. Livingstone's causes of action could survive these standing problems, they would still be subject to dismissal for failure to state a claim under Rule 12(b)(6)—which Mr. Livingstone has not

appealed. That is, each claim is substantively defective—even if the Court accepts all pleaded facts as true, none of these counts pleads a cognizable cause of action.

Mr. Livingstone also complains on appeal that the district court abused its discretion in denying him leave to amend. But the district court properly found that any amendment would be futile, given Mr. Livingstone's lack of standing to bring all but one of his claims, and given how decisively his remaining claim (Title VI discrimination) failed to plead a cause of action. Mr. Livingstone has laid out his allegations and causes of action in excruciating detail, over 438 paragraphs, and he has done so through three different iterations of the pleading. This was plenty for the district court to determine that no amendments could fix the 12(b)(1) and 12(b)(6) deficiencies, and that allowing yet another amendment would be futile. This Court judges that decision on an abuse of discretion standard, and it should not disturb it.

The Court should affirm the district court's dismissal.

## STANDARD OF REVIEW

This Court applies a de novo standard of review on dismissals for lack of standing. *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009). It applies the same de novo standard to dismissals for failure to state a claim. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). For denials of leave to amend a complaint, however, the Court reviews those decisions for an abuse of discretion. *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476 (4th Cir. 2006).

<h1 align="center">ARGUMENT</h1>

## I. The district court properly dismissed Counts II to XVI for lack of Article III standing.

Federal district courts are courts of limited jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016). The doctrine of standing ensures that federal courts decide only true cases and controversies, in accordance with the limitations of Article III of the Constitution. *Id.*

To establish Article III standing, Mr. Livingstone must show three things: that he (1) suffered a concrete and particularized "injury in fact" that is actual or imminent, not hypothetical; (2) that his injury is traceable to Walden's alleged conduct; and (3) that his injuries can likely be redressed by a favorable outcome in the litigation. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000). Mr. Livingstone bears the burden to prove subject matter jurisdiction, including Article III standing, for each of his claims, *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), and the Court must presume it lacks jurisdiction until Mr. Livingstone "affirmatively" confirms the opposite, *Renne v. Geary*, 501 U.S. 312, 316 (1991). Mr. Livingstone cannot meet this burden.

### A. Mr. Livingstone's Complaint pleads no injury-in-fact.

Mr. Livingstone fails to allege any injury-in-fact. The district court broke Mr. Livingstone's injuries into three distinct categories: *first,* that he did not receive the

full value of his education because Walden focused on "working adults," which Mr. Livingstone was not; *second*, that Walden's failure to approve the full value of his requested loan increases damaged his rental history, led to his eviction, and decreased his credit score; and *third,* that Mr. Livingstone was discriminated against in the financial aid process. *See* ECF 78 at 14-17. The district court correctly found that Mr. Livingstone lacked standing for the first two categories of injuries, covering Counts II through XVI, and then dismissed the discrimination claim (Count I) for failure to state a claim, addressed below in Section II.

### 1. Mr. Livingstone was not injured because he attended Walden as a non-working adult.

As to the first set of injuries, Mr. Livingstone alleges that he did not receive the full value of the education he purchased. This is because, he says, Walden advertised itself as an education for "working professionals," but Walden did not require Mr. Livingstone to prove he was a "working professional" before admitting him. This does not plead an Article III injury. Mr. Livingstone fails to explain the concrete and particularized *injury* that he suffered from not being a "working adult" at Walden. As the district court explained, "nowhere does he claim that he was unable to complete the work, nor that he failed to learn from classes. In fact, Plaintiff makes clear that he ultimately earned high marks in all of his classes during the relevant timeframe and graduated on time." ECF 78 at 14. Where a plaintiff fails to show how he is "deprived . . . of the full value of the services for which []he paid"

and "does not allege any facts showing that []he overpaid for those services," the plaintiff has not alleged an injury in fact. *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 534 (D. Md. 2016). Mr. Livingstone has not so alleged.

The only "harm" Mr. Livingstone alleges related to the fact that he was not a "working adult" while attending Walden is his emotional suffering. But "free-standing, emotion harm, no matter how deeply felt, cannot suffice for injury-in-fact for standing purposes." *Magruder v. Cap. One, Nat'l Ass'n*, 540 F. Supp. 3d 1, 8 (D.D.C. 2021); *Beck v. McDonald*, 848 F.3d 262, 272 (4th Cir. 2017) ("reject[ing] the Plaintiffs' claim that 'emotional upset' and 'fear' . . . are 'adverse effects' sufficient to confer Article III standing"); *Md. Minority Contractors Ass'n v. Lynch*, 203 F.3d 821, 821 (4th Cir. 2000) (holding that "vague allegations" of "unspecified stigmatic and emotional injuries" are "simply insufficient to establish the requisite concrete and particularized injury necessary for standing"). Mr. Livingstone's emotional suffering is therefore insufficient to establish Article III standing.

### 2. Walden's denial of discretionary financial aid and any effects are not cognizable injuries.

The second category of injuries allege that Mr. Livingstone suffered downstream injuries as a result of not receiving the extra $3,000 in loans, in the form of "late rent notices," an "eviction from housing action," "stigmatized [ ] rent history," and effects to his "consumer credit report," ECF 20 at ¶¶ 108–10. These are not cognizable Article III injuries either.

To begin, Mr. Livingstone fails to explain what legally protected interest he has in receiving a discretionary increase in financial aid. As the district court observed, "Plaintiff identifies no authority that indicates he was entitled to receive the full amount of his requested additional aid. In fact, 20 U.S.C. § 1087tt makes clear that increases such as the one sought by Plaintiff are only to be granted at the professional discretion of the financial aid office upon a showing of a specific set of enumerated factors." ECF 78 at 15. Even on appeal, Mr. Livingstone points to no legal statute which required Walden to provide him with the full amount of his requested aid. Mr. Livingstone therefore has no violated "legally protected" interest, which Article III standing requires. *See Spokeo*, 578 U.S. at 339.

Another problem is that Mr. Livingstone's alleged injuries are neither concrete nor particularized. Mr. Livingstone's Complaint does not allege that he was actually evicted; instead, it specifically says that he was not. ECF 20 at 5, § I. As for the allegations of "stigmatized rent history" and "consumer credit report injury," allegations like this fail the injury requirement for standing; instead, a complaint must go further, and plead concrete, actual harm suffered as a result of the impacts to the plaintiff's credit or rent history. *See, e.g., Evans v. Am. Collection Enter.*, No. CV JKB-22-0746, 2022 WL 3923394, at *6 (D. Md. Aug. 31, 2022) (collecting cases). Mr. Livingstone has not done so.

Though vague, Mr. Livingstone also suggests he was injured by Walden's delays in responding to his financial aid request. *See* Br. at 13 (suggesting that Walden has some obligation to make "financial aid Directors readily accessible to student-borrowers"). But Mr. Livingstone fails to cite any authority for this supposed duty; and even if there were such an obligation, his Complaint shows that he failed to follow the procedures for requesting aid, and thus was the cause of the delay in most instances. Where a plaintiff "does not claim that the period during which [there was a delay] resulted in any harm," there is "no concrete injury" caused by the delay for purposes of Article III standing. *Khan*, 188 F. Supp. 3d at 534 (citing *In re Science Apps. Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 30-31 (D.D.C. 2014)). Mr. Livingstone's case is no different. He describes no *actual harm* caused by any alleged delays in Walden's response to his request, and thus has no injury-in-fact on this basis.

Mr. Livingstone also alleges that the lack of the extra $3,000 caused him emotional harm. *See* ECF 20 ¶¶ 102, 112, 130 ("pervasive stress"; "mental distress, mental anguish, and loss of enjoyment of life"; "psychological[ ] and emotional detriment"). But emotional distress is not recoverable as a standalone claim, including emotional distress about future financial disadvantage. *See Evans v. Am. Coll. Enter.*, 62 F. Supp. 3d 593, 501-02 (D. Md. 2022), *Podroykin v. Am. Armed*

*Forces Mut. Aid Ass'n*, 634 F. Supp. 3d 265, 269 (E.D. Va. 2022) (citing *Beck v. McDonald*, 848 F.3d 262, 266 (4th Cir. 2017)).

Mr. Livingstone thus fails to establish an injury as to the district court's first and second categories of alleged harm. Again, the third category of discrimination, which the district court resolved on Rule 12(b)(6) grounds instead of under Rule 12(b)(1), is addressed below in Section II.

### 3. Mr. Livingstone suffered no informational injury.

On appeal, Mr. Livingstone raises a new category of alleged harm. He argues that the district court failed to consider informational injury." Br. at 19-20. But Mr. Livingstone fails to identify any informational injury in his Complaint or briefing. On appeal, he states he alleged informational injury in his Complaint, but the page to which he cites does not discuss any injury, let alone "informational injury." Br. at 20 (citing ECF 20 at 69). This is far from the concrete and particularized injury required by the Supreme Court to establish an informational injury-in-fact. *See Spokeo*, 578 U.S. at 339 ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury must also be 'concrete.'"). And in his briefing before the district court Mr. Livingstone's made only a single-sentence reference to informational injury: "Plaintiff suffered informational injury under the factual scenario in Count III." ECF 64 at 45. But Mr. Livingstone's Count III claims relate to injuries stemming from Walden's alleged failure to disclose that it targeted

working adults—the *first* set of injuries analyzed by the district court. *See* ECF 78 at 14.

Regardless, Mr. Livingstone can claim no "informational injury" related to his Count III claims. An informational injury requires the plaintiff be "denied specific information to which he was entitled under a [statute]." *Dreher v. Experian Inf. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017). More than that, "a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled and that the denial of the information creates a 'real harm' with an adverse effect." *Id.* (citing *Spokeo* 578 U.S. at 338); *accord TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021) ("An asserted informational injury that causes no adverse effects cannot satisfy Article III.") (quotation omitted). Neither the Complaint nor the appeal claims that he was entitled to information under a statute which he did not receive, or state that the denial of any such information created a "real harm" with "adverse effect." Nor does he do so on appeal. Thus, his claims are not supported under an Article III theory of informational injury.

In sum, where a suit fails to articulate a specific, redressable injury, it fails the basic requirements of Article III justiciability. See *Chambliss v. Carefirst, Inc.*, 189 F. Supp. 3d 564, 568 (D. Md. 2016). Such cases lack subject matter jurisdiction, and are dismissed under Federal Rule 12(b)(1). *See id.* The district court appropriately

dismissed Mr. Livingstone's claims for lack of injury-in-fact, and the Court should affirm on that ground alone.

## B. Mr. Livingstone fails to plead causation.

Mr. Livingstone fails to establish standing for the independent reason of failed causation. Standing's second prong requires that "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly … traceable to the challenged action of the defendant, and not… th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation omitted).

Mr. Livingstone fails to make the "fairly traceable" connection. The Complaint shows the causal disconnect between Mr. Livingstone's rent troubles and the alleged Walden actions here. Specifically, his Complaint invokes and appends evidence which shows that his eviction proceedings were already underway at the same time that he was asking Walden's financial aid office for more federal loan money. *Compare* ECF 20-1 at 2, 4 (noting landlord complaint filed March 29, 2022) *with* ECF 20 ¶¶ 47, 51–88 (allegations about February through May 2022, regarding cost of living for spring term running March 7 to May 1, 2022). And, of course, Mr. Livingstone also admits that he was never indeed evicted—making the chain of causation (with Walden's conduct at one end and a non-existent injury on the other) impossible to establish.

Causation also fails because Walden—an online university—is not Mr. Livingstone's landlord, and it has no role in his housing. While eviction can satisfy the injury-causation requirement for standing *where the defendant is the evicting party*, *see e.g. Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1305–06 (4th Cir. 1992), causation fails when the defendant is not directly involved in the eviction effort itself, *see Robbins v. United States Dep't of Hous. & Urb. Dev.*, 72 F. Supp. 3d 1, 6–7 (D.D.C. 2014), *aff'd* 2015 WL 3372527 (D.C. Cir. May 6, 2015) (finding no causation where plaintiff's alleged injury of looming eviction was not caused by HUD's actions in refusing to order the plaintiff's local Section 8 voucher provider to resolve a dispute with the plaintiff's landlord). Mr. Livingstone has thus failed to plead a sufficient causal connection between his housing troubles and Walden's alleged actions in addressing his demands for more federal loan money.

## C. Mr. Livingstone's alleged injuries are not redressable.

Finally, though the district court did not need to reach the third prong of standing, redressability, the Complaint fails on this prong as well. As he pleaded, Mr. Livingstone's Walden tenure ended upon his graduation in December 2022. ECF 20 at ¶¶ 21, 23, 103–07, 339. Mr. Livingstone is thus no longer a Walden student. And this suit does not assert that he has, or ever had, a right to Walden's money, or that Walden itself is improperly retaining money that belongs to him. Instead, this controversy is about Mr. Livingstone's belief that Walden failed to

facilitate a loan, to be "made directly by the United States government." *Id.* ¶¶ 28, 40. The controversy is thus moot, because Walden cannot facilitate federal student loans for non-students like Mr. Livingstone. *See* 34 CFR §§ 668.32(a)(1), 685.101, 685.200. This leaves nothing for the Court to order Walden to do, and the controversy is thus not redressable. *See Nat'l Fed'n of the Blind v. United States Dep't of Educ.*, 407 F. Supp. 3d 524, 535–36 (D. Md. 2019); *McNary v. Fed. Mine Safety & Health Rev. Comm'n*, 989 F.3d 21, 23 (D.C. Cir. 2021).

**D.    Mr. Livingstone's other arguments are unavailing.**

Mr. Livingstone alleges a number of other district court errors on the standing issue. None of these arguments have merit.

**1.    The district court adequately addressed *each* of Mr. Livingstone's alleged injuries.**

On appeal, Mr. Livingstone argues that the district court's three categories of injuries were overgeneralized and should have been analyzed on a claim-by-claim basis. Br. at 16-17. But Mr. Livingstone fails to account for the fact that each of his claims is alleging the same *types* of injuries—the very ones analyzed by the district court. Mr. Livingstone makes no argument that his injuries were *different* under his various claims; the legally protected interests that he alleges were injured are the same, though he brings claims under separate statutes.

In suggesting that the Article III standing analysis would be different under various statutes, Mr. Livingstone has confused Article III standing and statutory

standing. A plaintiff must have Article III standing *and* statutory standing to bring his claims. *See Lavigne-Soucie v. Blue Max Trucking, Inc.*, No. 3:23-CV-00498-FDW-SCR, 2023 WL 8603025, at *2 (W.D.N.C. 2023) ("The issue of statutory standing is a separate inquiry from Article III standing.") (citing *U.S. v. Oregon*, 671 F.3d 484, 490 n.6 (4th Cir. 2012)). The district court found that Mr. Livingstone lacked Article III standing for *all* categories of injuries alleged across his various statutory claims, and thus did not need to wade into the separate and distinct issue of statutory standing.

Thus, the district court appropriately analyzed Article III standing for the injuries alleged across all claims—grouping the injuries does not alter the analysis.

> **2.** **Mr. Livingstone's assertion that the district court failed to address his statutory and common law retaliation claims is wrong.**

In just four sentences, Mr. Livingstone argues that "the district court erred or abused its discretion when it failed to address Plaintiff's statutory and common law retaliation claims under Count Eleven and Count Fourteen of the... Complaint." Br. at 29. This argument is incorrect on both the facts and the law.

First, the district court *did* address Mr. Livingstone's retaliation claims. Mr. Livingstone's retaliation claims are two-fold: first, he claims that Walden denied him future increases in his financial aid because he complained to an administrative agency, ECF 20 at ¶ 337, and second, he alleges that in retaliation for filing a federal

lawsuit, Walden failed to give him a tuition refund (to offset financial aid) unless he signed a settlement agreement, *id.* at ¶ 382. Both of these injuries are grouped within the second category of alleged injuries addressed by the Court: "injuries relating to Defendant's refusal to approve Plaintiff's full amount of requested loans." ECF 78 at 14. That the district court did not specifically call out the retaliation claims by name is irrelevant. Both relate to the denial of financial aid (or denying any offset to financial aid). And, as to those types of injuries, the Court held:

> Plaintiff identifies no authority that indicates he was entitled to the full amount of his requested additional aid. In fact, 20 U.S.C. § 1087 makes clear that discretionary increases such as the one sought by Plaintiff are only to be granted at the professional discretion of the financial aid office upon a showing of a specific set of enumerated factors. Because Plaintiff was not entitled to any increase in his student loans, it cannot be said that his failure to receive the full amount he requested was an injury.

ECF 78 at 14-15. Thus, the district court considered these claims in this category of injuries, and—as discussed above—correctly found that Mr. Livingstone failed to satisfy both the "injury" and "causation" prongs of the standing analysis.

Mr. Livingstone also tries to argue that retaliation—the mere act of being retaliated against, without an underlying legally protected action—is a separate and sufficient injury. Br. at 29. He is incorrect. Mr. Livingstone is not a Walden employee and therefore lacks standing to sue under the statutes to which he cites. Under both state and federal law, to bring a successful retaliation claim, a Plaintiff must demonstrate the existence of a required employment relationship. *See Annan*

*v. Cap. One* Bank, No. 19-CV_1329, 2020 WL 5407901, at *4 (D. Md. Sept. 9, 2020); *Eghbali v. Dept. of Energy at Savannah River Nat. Lab*, 90 F. Supp. 3d 587, 591-92 (D.S.C. 2015) (citing 42 U.S.C. § 2000e-15(a); 29 C.F.R. § 1614.103(c)). A "plaintiff's lack of required employment relationship deprives him of standing to pursue a Title VII claim." *Eghbali*, 90 F. Supp. 3d at 592 (citations omitted). Where, as here, Mr. Livingstone is "neither an employee of Defendant nor an applicant for employment with the Defendant," he lacks standing to bring suit under Title VII or state retaliation laws. *Id.* The retaliation claims were thus appropriately dismissed by the district court.

In sum, the district court correctly held that Mr. Livingstone lacked standing to bring his claims. But even if Mr. Livingstone's causes of action could survive these standing problems, they would still be subject to dismissal for failure to state a claim under Rule 12(b)(6). As discussed in Walden's initial Motion to Dismiss, each of Mr. Livingstone's claims is substantively defective—even accepting all pleaded facts as true, none of these counts pleads a cognizable cause of action. *See* ECF 43-1 at 9-22. Accordingly, even if the Court finds standing on any of Counts II through XVI, it should still dismiss those counts for the reasons addressed in the briefing below.

**II.    The district court properly dismissed Mr. Livingstone's Count I for failure to state a claim.**

Of the 16 counts in Mr. Livingstone's Amended Complaint, the district court found that Mr. Livingstone had standing to bring only one of those claims: his claim for discrimination under Title VI of the Civil Rights Act of 1964. However, the Court also dispensed with this claim, holding that Mr. Livingstone failed to state a claim for which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Mr. Livingstone does not appeal the Court's decision as to this dismissal—it is absent from his Statement of the Issues and from his briefing altogether. *See* Mot. at 2. However, in case Mr. Livingstone attempts to raise the issue for the first time in his reply brief, Walden addresses the matter preemptively. The district court decision on Count I should stand for two reasons.

*First*, and most fundamentally, Mr. Livingstone waived his right to challenge the district court's dismissal of his Title VI discrimination claim by failing to raise it in his opening brief. Issues not raised in opening briefs are waived. *See* 4th Cir. R. 34(b). This is true even for informal briefs submitted by *pro se* plaintiffs. *See Wanniarachchi v. Barr*, 776 F. App'x 167, 168 (4th Cir. 2019) (collecting cases).

*Second,* even if this Court were to reach the merits, the district court correctly dismissed Mr. Livingstone's Title VI discrimination claim. "To survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting that (1) the defendant is a recipient of federal financial assistance; and (2) the defendant

intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Carroll v. Walden Univ., LLC*, 650 F. Supp. 3d 342 355 (D. Md. 2022). As to the first element, neither party contests that Walden is a recipient of federal financial assistance. But as to the second, Mr. Livingstone fails to plead any facts to create the plausible inference of discrimination necessary to survive Rule 12(b)(6). *See* ECF 78 at 18 ("[B]eyond asserting his membership in these protected classes and Defendant's knowledge thereof, Plaintiff pleads no additional facts suggesting animus based on race or national origin, nor does he indicate any specific interactions relating to his race or national original at all."). Thus, for these reasons and others identified by the district court, Mr. Livingstone has failed to plead any facts which give rise to an inference of discrimination under Title VI. The district court correctly dismissed the claim.

### III. The district court properly denied Mr. Livingstone leave to amend his Amended Complaint.

Mr. Livingstone argues that the district court abused its discretion when it denied him leave to amend in its Memorandum Opinion. Not so.

Though Mr. Livingstone argues that this request was made during the "amendment as of right" stage, Br. at 27, it was not. Federal Rule of Civil Procedure 15(a)(1) permits amendments only 21 days after filing of an initial complaint, or 21 days after service of a 12(b) motion. But Mr. Livingstone's request was made far more than 21 days *after* Walden's 12(b)(6) motion was served—evidenced by the

fact that the request was made *in Mr. Livingstone's opposition*, filed 74 days after service of Walden's motion to dismiss. *See* ECF 62. Therefore, any leave to amend was at the discretion of the district court—which again, this Court may only review for an abuse of that discretion. *Glaser*, 464 F.3d at 476. The denial of leave to amend was correct for two reasons.

*First,* Mr. Livingstone did not follow the Federal Rules and did not show the district court what his proposed amendment would be. Mr. Livingstone's passing request for leave to amend is not a Rule 15(a) motion. Mr. Livingstone requested leave to amend only briefly—in both instances he stated that he "expressly requests both dismissal without prejudice together with leave to amend." ECF 62 at 2; ECF 64 at 38. The district court dismissed the claims without prejudice,[3] but denied leave to amend, in part because Local Rule 103.6 of the District Court of Maryland requires that a party file a motion for leave to amend *and* a proposed amended pleading with the motion. Mr. Livingstone did neither. And "[a] bare request in an opposition to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." ECF 78 at 10 (quoting *U.S. ex rel. Williams v. Martin-Baker Aircraft*

---

[3] This is appropriate treatment for claims dismissed for lack of standing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

*Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004)); *see also Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008). As the district court noted, Mr. Livingstone knew all of these rules from his prior, unsuccessful litigation history. ECF 78 at 10 (citing to *Osei v. Univ. of Md. Univ. Coll.*, No. CV DKC 15-2502, 2018 WL 2117929, at *3 (D. Md. May 8, 2018), another case in which Mr. Livingstone, appearing pro se, and was denied leave to amend).

*Second,* although motions for leave to amend should be granted liberally, courts should deny leave to amend "if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel Wilson v. Kellogg Brown & Rott, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quotations omitted).

Such futility is present here. Mr. Livingstone, if given leave to amend, could not re-plead his allegations in any way which would give this Court jurisdiction over his claims. In his 438-paragraph Complaint, he alleged a number of injuries relating to his sixteen counts—lack of full value in his education, emotional suffering, denied discretionary financial aid, lower credit scores, pending eviction, and adverse status—none of which survive Article III scrutiny. Mr. Livingstone has done his able best to make out a cognizable injury and invasion of a legally protected interest, but has not been able to do so in any of the three complaints he has filed in this case,

depriving the court of jurisdiction to adjudicate the claims. A fourth attempt would be equally futile, and thus the district court appropriately denied leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should affirm the decision of the district court.

Dated: July 3, 2024

/s/ *Christopher Bayh*_____

BARNES & THORNBURG LLP

Christopher Bayh
1717 Pennsylvania Avenue NW #500
Washington, DC 20006
Tel. (202) 289-1313
Fax (202) 289-1330
chris.bayh@btlaw.com

Kristin L. Froehle
11 S. Meridian Street
Indianapolis, IN 46204
Tel. (317) 231-7352
Fax (317) 231-7433
kristin.froehle@btlaw.com

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Walden University respectfully suggests that oral argument is not necessary in this case. The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

## CERTIFICATE OF COMPLIANCE

1.      This informal brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(a), because this informal brief is less than 30 pages in length, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of authorities, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments).

2.      This informal brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because the informal brief has been prepared in a proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

/s/ *Christopher Bayh*
Christopher Bayh

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2024, a copy of the foregoing was served via the Court's ECF system on all parties and counsel of record.


/s/ _Christopher Bayh_____
Christopher Bayh